# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROMAN SERPIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00281-JD |
| | ) | |
| LAURIE HAYS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is the Motion to Dismiss [Doc. No. 3] ("Motion") filed by Defendant Laurie Hays. Pro se Plaintiff Roman Serpik (or ":Roman- Vladimirovich; Serpik:") (hereinafter, "Mr. Serpik") filed a response [Doc. No. 6].[1] Upon consideration, the Court dismisses this action as set forth below.

## I.   <u>BACKGROUND</u>

Mr. Serpik asserts claims against Ellis County Associate Judge Laurie Hays, under 42 U.S.C. §§ 1983, 1985, 1986, and 18 U.S.C. §§ 241 and 242. Defendant removed this action to this Court from the District Court for Beckham County, Oklahoma (CV-2023-00033). [Doc. No. 1]. Mr. Serpik seeks removal of a bench warrant entered by Judge Hays, court costs, and some kind of correction to the case name. Compl. [Doc. No. 1-2] at 2. He clarifies that he brings this suit against Defendant in her individual capacity. *Id.* at 3 ("State suit against Defendant is filed In Article III Jurisdiction (Common Law,

---

[1] This is titled as a notice of related or companion case, but it contains a response to the Motion.

Supreme Law) against the man/woman aka Defendant not in their official capacities").[2]

Defendant argues that she is entitled to absolute immunity from suit and that Plaintiff

otherwise fails to state claims for which relief may be granted.[3]

## II.   <u>STANDARD OF REVIEW</u>

Mr. Serpik is proceeding pro se; thus, the Court must construe his pleadings

"liberally" and hold them "to a less stringent standard than formal pleadings drafted by

lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v.*

*Kerner*, 404 U.S. 519, 520–21 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).[4]

However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If

the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff

could prevail, it should do so despite the plaintiff's failure to cite proper legal authority,

his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Id*. Nonetheless, "the court cannot take on the

---

[2] Mr. Serpik also clarifies that he asserts only individual capacity claims in his Response, which states: "February 27th, 2023, above woman with arms and legs known as Laurie Hays sued <u>not</u> in her official capacity (LAURIE HAYS) were [sic] qualified immunity would be an issue." [Doc. No. 6] at 2; *see also id.* at 3 ("Laurie Hays not sued in her official capacity because by the evidence there appeared no court date set for February 27th, 2023, no notice gone out by mail of any kind or even an email or fax sent of the same.").

[3] Defendant argues that she is not a proper defendant for official capacity claims under § 1983, as she in her official capacity would not be a "person" within the meaning of § 1983. Mr. Serpik, however, is not asserting official capacity claims against Defendant.

[4] An individual may proceed in this Court (1) on his own behalf, without a lawyer, or (2) represented by a lawyer authorized to practice in this Court. Here, Mr. Serpik proceeds on his own behalf, without a lawyer, so he is considered pro se.

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With these standards in mind, the Court turns to its analysis of Mr. Serpik's claims.

## III.   ANALYSIS

Mr. Serpik attempts to assert claims against Judge Hays under federal criminal statutes, 18 U.S.C. §§ 241 and 242. These statutes, however, do not provide private causes of action. *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished). And Mr. Serpik lacks standing as a private citizen to enforce the federal criminal statutes cited in the complaint against another private citizen. *See, e.g.*, *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *King v.*

*Keller*, 211 F. App'x 764, 765–66 (10th Cir. 2007) (unpublished) (same). Mr. Serpik

therefore cannot state claims under §§ 241 and 242 for which relief may be granted, and

they are dismissed without prejudice.

Even assuming the veracity of Mr. Serpik's allegations as to his remaining claims

under 42 U.S.C. §§ 1983, 1985, and 1986, judges have absolute judicial immunity for

acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978);

*see also Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011)

(explaining judicial immunity applies when the judge is sued in her individual capacity).

Judicial immunity is immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Thus, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.*

Rather, immunity is overcome in only two circumstances: "First, a judge is not immune

from liability for . . . actions not taken in the judge's judicial capacity." *Id.* "Second, a

judge is not immune for actions, though judicial in nature, taken in the complete absence

of all jurisdiction." *Id.* at 12. To this end, "[a] judge will not be deprived of immunity

because the action [she] took was in error, was done maliciously, or was in excess of

[her] authority." *Stump*, 435 U.S. at 356–57. "[T]he scope of the judge's jurisdiction must

be construed broadly where the issue is the immunity of the judge." *Id.* at 356.

While Mr. Serpik alleges that Judge Hays acted without jurisdiction in the

underlying misdemeanor case, his allegations are merely conclusory and based on his

own interpretation of jurisdiction.[5] Mr. Serpik essentially argues that the state court

---

[5] *See e.g.*, Compl. [Doc. No. 1-2] at 4 ("[B]ecause they could not show established
jurisdiction from the STATE, on the record in case #: CM-2023-31, they could not

lacked jurisdiction based entirely on the state's alleged failure to respond to Mr. Serpik's jurisdictional arguments. *See* Compl. [Doc. No. 1-2] at 4. But Mr. Serpik has not set forth any facts suggesting Judge Hays acted outside her judicial capacity. Rather, Mr. Serpik alleges that Judge Hays "acted without consent" by holding a hearing without any notice by email, mail, or fax and issuing a bench warrant. *Id.* at 5.

The Supreme Court in *Stump* made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in [her] judicial capacity." 435 U.S. at 362. The Complaint's allegations regarding Judge Hays all deal with her conduct in district court hearings and otherwise presiding over the misdemeanor case. Thus, Mr. Serpik was dealing with Judge Hays in her judicial capacity.

Judge Hays is entitled to judicial immunity, which precludes claims for monetary damages and most kinds of injunctive relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (recognizing that the plaintiff could not obtain injunctive relief against defendant state-court judges unless the conditions of § 1983 were satisfied, which the

---

establish a court of record, or produce the verified criminal complaint of a real men or women that was injured. And responded to nothing. 'When the States does not respond to a petitioner's allegations, the unrefuted statement of fact must be taken as true'." *Chaverst v. State, 517 So.2d 643, 644* (Ala. Cr. App. 1987).").

plaintiff had not shown). Mr. Serpik does not request any kind of injunctive relief by his Complaint or plead any conditions that would entitle him to injunctive relief against a judicial officer, and, to the extent he seeks monetary damages against Judge Hays he fails to state a claim. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1435–36 (10th Cir. 1986) ("Judges of courts of limited jurisdiction are immune from civil liability when they act within their jurisdiction.").[6]

Mr. Serpik's claims against Judge Hays for monetary or injunctive relief under 42 U.S.C. §§ 1983, 1985, and 1986 are dismissed with prejudice.

## IV.   CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss [Doc. No. 3] filed by Defendant Laurie Hays.

IT IS THEREFORE ORDERED that Plaintiff's claims asserted under 18 U.S.C. §§ 241 and 242 are DISMISSED WITHOUT PREJUDICE. Further, Mr. Serpik's claims under 42 U.S.C. §§ 1983, 1985, and 1986 are DISMISSED WITH PREJUDICE. Any claim for declaratory relief is DISMISSED WITHOUT PREJUDICE.

---

[6] Although he does not specifically request a declaratory judgment, to the extent Mr. Serpik seeks declaratory relief, such claims are dismissed without prejudice for failure to state a claim. "The only type of relief available to a plaintiff who sues a judge is declaratory relief," which "is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) (unpublished) (internal citations omitted). Mr. Serpik, however, has not specified what form declaratory relief would take in his Complaint and he thus fails to state a claim.

IT IS SO ORDERED this 17th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE